# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Richard Corum*
No. 1:12-cr-00001-TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Richard Corum's second *pro se* Motion for Early Termination of Supervised Release (the "Motion").[1] The Motion is opposed by the United States of America (the "Government")[2] and by the United States Probation Office ("USPO").[3] The Motion is ripe for resolution.

Corum moves for early termination of his supervised release on the basis that he "has met all terms of supervision" and "has steady employment, residence, and family life."[4] He notes that he "not only picked up a second job but also a third" in the past year, and that he "obtained his own residence and continues to reside[] at the same location after 3 years."[5] He further observes that he "has been on supervised release for 3 years with no infractions or contact with law enforcement."[6]

In opposition to the Motion, the Government highlights that Corum is a career offender and that his "conduct in this case heavily militates against early release."[7] The Government notes that Corum "was a leader and source of supply" for a "large-scale drug trafficking organization" in Juneau.[8] It argues that the underlying conspiracy was a serious offense in which Corum "orchestrated a sophisticated plan to distribute an extremely dangerous and addictive drug" and "import[ed] at least hundreds, if not thousands of pills of oxycodone into Juneau," whose "main consumers . . . in this case, were high school or young adults when they became addicted to oxycodone."[9] It also notes that Corum "committed violence against a witness in order to usurp the justice system" by verbally threatening and physically attacking a cooperating witness in the case while incarcerated and awaiting trial.[10] Further, the Government advises that the Court imposed a

---

[1] Dkt. 347 (Motion for Early Termination). This Court denied Corum's first *pro se* motion for early termination of supervised release in September 2022. Dkt. 346 at 1–2 (Order Denying Early Termination).
[2] Dkt. 348 (Government Opposition).
[3] Dkt. 350 (USPO Memorandum).
[4] Dkt. 347 at 3.
[5] *Id.*
[6] *Id.* at 4.
[7] Dkt. 348 at 4.
[8] *Id.* at 3–4.
[9] *Id.* at 7–8.
[10] *Id.*

"fairly lenient sentence against Corum" while "increas[ing] Corum's period of supervised release for three additional years beyond the mandatory minimum" to account for Corum's "serious anti-authority issues and history of violence."[11] The Government observes that the Court "gave a less severe sentence to serve, and a longer period of supervised release . . . to deter [Corum] and to protect the public from future criminal conduct."[12]

USPO opposes the Motion.[13] USPO observes that Corum has completed "approximately three out of his six years of supervised release" and that it "has not received any notices of violation conduct."[14] However, USPO "does not support early termination at this time" based on "the nature of the instant offense" and Corum's "criminal record."[15] USPO also references its response to Corum's first motion for early termination.[16] In that response, USPO noted that the Northern District of California Probation Office, currently supervising Corum, "do[es] not support early termination of supervised release for defendants supervised at his intensity level."[17]

18 U.S.C. § 3583(e)(1) allows a court—after consideration of the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[18]

Having reviewed the briefing in this matter, and considering the factors set forth in 18 U.S.C. § 3553(a), the Court agrees with the Government and USPO, and concludes that early termination of Corum's supervised release is not warranted. The Court acknowledges that Corum has been reportedly in full compliance with his conditions and remains free from violations, and it commends his progress and continued compliance over the past three years. However, given the nature of Corum's underlying convictions, his conduct while in custody, and the risks identified by the Government, the Court agrees that early termination of his supervised release is not appropriate at this time.

Accordingly, the Court **DENIES** the Motion at Docket 347.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

Date: November 1, 2023.

---

[11] *Id.* at 6.
[12] *Id.* at 6–7.
[13] Dkt. 350.
[14] *Id.* at 1.
[15] *Id.*
[16] *Id.*; *see* Dkt. 345 (USPO Response re: Motion for Early Termination).
[17] Dkt. 345 at 1.
[18] 18 U.S.C. § 3583(e)(1).